IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER DAVID WINEGARNER,    §
                           §
            Plaintiff,     §
                           §
V.                         §            No. 3:17-cv-1507-L-BN
                           §
KAREN HARTZ, ET AL.,       §
                           §
            Defendants.    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 15.

Defendants Karen Hartz and Michael Arrellano, City of Coppell Code Enforcement Officers, and Defendant City of Coppell move to dismiss Plaintiff Peter David Winegarner's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 9 & 10. Winegarner has filed a motion to strike Defendants' motions to dismiss on the basis that they are untimely, *see* Dkt. No. 14, and a separate motion to strike that also requests a hearing, *see* Dkt. No. 17. As ordered by the Court, Defendants filed a response to the first motion to strike. *See* Dkt. No. 18. But Winegarner failed to file a court-ordered response to the motions to dismiss, and the deadline to do so has passed.

The undersigned enters these findings of fact, conclusions of law, and

-1-

recommendation that the Court should deny the motions to strike and grant the motions to dismiss without prejudice to Winegarner's filing an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and his properly serving that amended complaint on all defendants.

## Applicable Background

Winegarner, who is proceeding *pro se* but not *in forma pauperis* (as he filed the $400.00 filing fee to initiate this action), brings claims that stem from efforts to address code violations associated with his property. *See, e.g.,* Dkt. No. 3 at 7 (Karen Hartz affidavit for search warrant, attached to the complaint, providing in part that at 521 Oak Grove, Coppell, Texas "[t]here is ... a public nuisance that has been created by the resident of that premises.  Interior of premises contains accumulated materials and debris causing a health and safety hazard and is in violation of the 2009 International Property Maintenance Code and Coppell Code of Ordinances.").

He alleges in pertinent part that

[t]he illegal unreasonable Search And Seizure 4th Amendment Civil Rights Violations Incident, was under authorities and the execution of each of the above defendants and took place on June 8, 2015, at 521 Oak Grove Ln, in The City of Coppell, Dallas County, Texas, 75019, and within Their Official City Of Coppell Capacities is how all of the Defendants acted, so it is also a 42 USC section 1983 violation as well as Abuse of Process and Intentional Infliction of Emotional Distress Causes of Actions against them all.

*Id.* at 2, 3.

Waivers of service of summons have been filed by the defendants moving for dismissal. *See* Dkt. No. 8. Winegarner also has sued unnamed Coppell police and fire

officers. And, as his complaint makes plain, the code enforcement officers have been sued in their official capacities. *See* Dkt. No. 3 at 2, 3.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that

-4-

the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). While pleadings in this context include attachments to the complaint, *see Katrina*, 495 F.3d at 205 (5th Cir. 2007), documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim," *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But a court "may not incorporate [ ] into the complaint ... a document referenced in the plaintiff's complaint [that] is merely evidence of an element of the plaintiff's claim." *Id.*

"[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008).

And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties,"

-5-

the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

Motions to strike [Dkt. Nos. 14 & 17]

Winegarner moves, under Federal Rule of Civil Procure 12(f), to strike the Defendants' motions to dismiss because, he asserts, Defendants "are too late to reply [to the complaint] on August 28, 2017." Dkt. No. 14 at 1.

Under Federal Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). And it is generally accepted that "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings." *Burnett v. ARCCA Inc.*, Civ. A. No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (collecting cases); *see also id.* at *3-*4 (examining Federal Rules of Civil Procedure 7(a) and 7(b), which, respectively, define pleadings and motions, and concluding that a motion to dismiss "does not fit within Rule 7(a)'s exhaustive list of pleadings" and is instead "a request under Rule 7(b) for a court order"). For this reason alone, the motions to strike the motions to dismiss should be denied.

But, if the Court does consider the merit of striking the motions to dismiss because they were not timely filed, the motions to strike still should be denied. *See, e.g., Puckett v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999) (observing

that while "[s]ome courts have refused to consider a Rule 12(f) motion to strike a motion to dismiss, noting that 'a Rule 12(f) motion to strike only concerns striking matters from pleadings and a motion to dismiss is not a pleading,' [o]ther courts take a less stringent approach" and then denying the "motion to strike the motion to dismiss as untimely [as] without merit" (citations omitted)).

Here, the available record reflects that the motions to dismiss were filed timely – they were filed on August 28, 2017, less than 60 days after the moving defendants executed waivers of service on July 27, 2017. *See* FED. R. CIV. P. 4(d)(3); FED. R. CIV. P. 12(a)(1)(A)(ii); *see also Abdulshahid v. Fulton Cty. Sheriff Office*, Nos. 1:09-CV-2297-JEC-CCH, 2010 WL 11506862, at *4  (N.D. Ga. Feb. 5, 2010) ("Because Defendants filed their Motion to Dismiss on the date a responsive pleading was due[, based on their waiving service under Rule 4(d)(3)], their response to Plaintiff's Complaint was timely."), *rec. adopted*, 2010 WL 11509123 (N.D. Ga. Mar. 2, 2010). The motions to strike could therefore be denied as without merit.

<u>Hartz and Arrellano's Motion to Dismiss [Dkt. No. 9]</u>

Both named individual employees of the City have been sued in their official capacities. *See* Dkt. No. 3 at 2, 3; *see also Parker v. Graves*, 479 F.2d 335, 336 (5 th Cir. 1973) (per curiam) ("A person's capacity need not be pled except to the extent required to show the jurisdiction of the court. FED. R. CIV. P. 9(a). Failure to allege the official capacity in the caption is merely a formal error and not a fatal defect. The allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action." (citation omitted)).

They therefore argue that the claims against them should be dismissed as duplicative of the claims against the City. *See* Dkt. No. 9.

"An official-capacity lawsuit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). When an individual is sued is his official capacity, liability is imposed "'on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond.'" *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72, (1985)); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Where a plaintiff brings claims against both a public officer in his official capacity and the public entity for which he works, the claims "essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). And, when this occurs, the court may dismiss the claims against the public official as duplicative. *See, e.g.*, *Flores v. Cameron Cty.*, 92 F.3d 258, 261 (5th Cir. 1996) (where the district court had dismissed claims against county commissioners in their official capacities "because those claims were duplicative of the claims against the County").

For these reasons, Hartz and Arrellano's motion to dismiss should be granted.

<u>The City's motion to dismiss [Dkt. No. 10]</u>

The City moves to dismiss the claims asserted against it (1) based on Winegarner's failure to allege a plausible claim of municipal liability under 42 U.S.C.

§ 1983 and (2) because his state-law claims are barred by the City's governmental immunity. *See* Dkt. No. 10.

It is clearly established that "[a] municipality and/or its policymakers may be held liable under § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted). To assert that the City is liable under *Monell*, Winegarner must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also id.* ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" (quoting *Piotrowski*, 237 F.3d at 578)). The complaint nowhere alleges that an official policy of the City of Coppell resulted in the "violation of a constitutional right." *Id.* The City itself cannot therefore be liable for the Fourth Amendment claim as alleged.

The Texas Tort Claims Act (the "TTCA") "waives the state's immunity from suit in certain circumstances" and "covers all tort theories that may be alleged against a governmental entity whether or not it waives that immunity." *Gil Ramirez Group L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 415 (5th Cir. 2015). But "[t]he TTCA precludes the state of Texas and its municipalities from being held liable for

intentional torts." *Travis v. City of Grand Prairie, Tex.*, 654 F. App'x 161, 166-67 (5th Cir. 2016) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 101.057 ("This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other intentional tort.")). Therefore, because both torts claimed by Winegarner are intentional, *see Doward v. Ramirez*, No. 3:09-cv-18-D, 2009 WL 2777880, at *14 (N.D. Tex. Aug. 28, 2009) (abuse of process); *Travis*, 654 F. App'x at 167 (intentional infliction of emotional distress), those claims as asserted "against the City are barred by sovereign immunity," *Travis*, 654 F. App'x at 167; *accord Doward*, 2009 WL 2777880, at *14 ("Doward's claims against the City[, including] abuse of process[,] ... are dismissed with prejudice based on governmental immunity." (citations omitted)).

For these reasons, the City's motion to dismiss should be granted.

## Recommendation

The Court should deny Plaintiff Peter David Winegarner's motions to strike [Dkt. Nos. 14 & 17] and grant Defendants Karen Hartz, Michael Arrellano, and City of Coppell's motions to dismiss [Dkt. Nos. 9 & 10] without prejudice to Winegarner's filing, within a reasonable amount of time to be set by the Court, an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and properly serving that amended complaint on all defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE